UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ANTHONY TAYLOR,

Petitioner,

v.

MIRANDA DROLETTE,

Respondent.

Case No.  2:25-cv-3352-JDP (P)

ORDER

Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  After review of the petition, I find that it fails to state a cognizable federal habeas claim.  I will dismiss the petition with leave to amend.  I will also direct petitioner to submit an application to proceed *in forma pauperis*.  The court is in receipt of his prison trust fund account, ECF No. 8, but there is no application on record.  Finally, petitioner's request for clarification and motion for extension of time, ECF Nos. 6 & 7, are denied as moot in light of this order's direction to submit an application.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1

*Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition does not state a cognizable federal habeas claim. The specifics are difficult to discern, but as best I can tell, petitioner alleges that he was "falsely arrested" when a Sacramento County Superior Court judge sentenced him to one-hundred and twenty days of confinement in the county jail. ECF No. 1 at 16. Petitioner claims that after release, he was rearrested and arraigned outside the statute of limitations for the crime he was accused of committing. *Id.* The remainder of his statement of claim is nearly impossible to follow, as petitioner alludes to judicial conflicts of interest, *id.* at 20-21, a trial attorney who worked against him, *id.* at 21, and a jury that was "[ninety-five percent] law enforcement." *Id.* Nothing in these muddled allegations is sufficient to state a viable federal habeas claim. I note that questions regarding the state statutes of limitations and whether an arraignment was timely appear to sound entirely in state law and may not form the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted).

I will dismiss the petition with leave to amend. If petitioner chooses to file an amended petition, he must do so on the form provided. The amended petition should be titled "First Amended Petition" and be submitted on the habeas form enclosed with this order. I suggest that petitioner provide a straightforward chronology of the events undergirding his claims and plainly state the specifics of each claim that he seeks to raise.

Accordingly, it is ORDERED that:

1.    The petition, ECF No. 1, is DISMISSED with leave to amend.

2.    Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3.    Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.    The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

5.        The Clerk of Court shall also send petitioner a copy of the *in forma pauperis* form used by this district.  Petitioner must return it along with his amended complaint.  He is not required to submit another copy of his inmate trust fund account statement, however.  I will not screen the next petition until the matter of the filing fee has been completely settled.

6.        Petitioner's request for clarification, ECF No. 6, and motion for extension of time, ECF No. 7, both of which relate to his request to proceed *in forma pauperis*, are DENIED as moot.

IT IS SO ORDERED.


Dated:    February 27, 2026      _____
                                  JEREMY D. PETERSON
                                  UNITED STATES MAGISTRATE JUDGE