UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ANTHONY TAYLOR,

Petitioner,

v.

MIRANDA DROLETTE,

Respondent.

Case No.  2:25-cv-3352-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, brings this action under section 2254.  After review of the initial petition, I found that it failed to state a cognizable federal habeas claim.  ECF No. 11.  I dismissed the petition with leave to amend, and petitioner has filed an amended petition.  ECF No. 14.  This petition, like its predecessor, also fails to state a cognizable claim.  Accordingly, I will recommend that the amended complaint be dismissed without leave to amend.  Additionally, I will grant petitioner's application to proceed *in forma pauperis*.  ECF No. 13.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1

*Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As before, the specifics of petitioner's claims are somewhat difficult to understand. Petitioner alleges that he was arrested on January 6, 2022, for a hit and run accident that occurred while he was driving under the influence. He was arraigned two days later and claims that the Sacramento County district attorney failed to appear on both that date and at another hearing on January 10. ECF No. 14 at 4. At the January 10 hearing, petitioner asserts that the state court judge sentenced him to one-hundred-and-twenty days, though it is unclear on what basis he was sentenced or how the judge could sentence him absent a trial, given that petitioner indicated that he entered a plea of not guilty. *Id.* at 1, 4. Regardless, he alleges that in May 2022, after already serving one-hundred-and-twenty days, he was rearrested, booked into jail again, and new criminal proceedings, culminating in a trial, led to his conviction. *Id.* at 12-17.

Petitioner's double jeopardy claim fails. Petitioner does not allege that he was convicted during the January hearings, and, given his claim that the purpose of the hearings was arraignment, a conviction seems implausible. Thus, the Double Jeopardy Clause's protection against a second prosecution for the same offense after an acquittal or conviction does not appear to apply. Petitioner appears to acknowledge that, by failing to appear, the district attorney did not "prosecute" him in January 2022. *See Jones v. Thomas*, 491 U.S. 376, 381 (1989) (holding that the Double Jeopardy Clause "protect[s] against a second prosecution for the same offense after acquittal, and against a second prosecution for the same offense after conviction"). The Double Jeopardy Clause also protects against multiple punishments for the same offense, but here there is no indication that his placement in jail in January 2022 and the subsequent conviction and sentence in the later part of the year were punishments for the same offense.

There also appear to be procedural impediments to petitioner's claims. He does not indicate that his claim was exhausted by way of presentation to the California Supreme Court. Instead, he asserts that his claims were "forwarded" to the "United States Court." ECF No. 14 at 2. This is not indicative of fair presentation to the highest state court, as is necessary to exhaust a federal habeas claim. *See* 28 U.S.C. §§ 2254(b)-(c).

Finally, petitioner's second claim, requesting dismissal of "strikes" under state law is not

cognizable. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of state law.").

Based on the foregoing, I find that petitioner's claims are not suitable to proceed past screening, and his amended petition should be dismissed without leave to amend.

Accordingly, it is ORDERED that:

1.      The Clerk of Court shall assign a district judge to this action.

2.      Petitioner's application to proceed *in forma pauperis*, ECF No. 13, is GRANTED.

Further, it is RECOMMENDED that the amended petition, ECF No. 14, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim and as unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE